IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-125 |
| ) | |
| ROSEMARY POZNAK d/b/a WOLFF'S ) | |
| DEN, INC. and KRISTIN POWELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

I

Plaintiff, Nautilus Insurance Company ("Nautilus"), has filed this civil action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, based on diversity of citizenship and an amount in controversy exceeding $75,000. For the reasons set forth below, the Court *sua sponte* declines to exercise jurisdiction.

II

In summary, Nautilus's complaint alleges the following facts:[1]

From 1998 through 2007, Rosemary Poznak ("Poznak") and Wolff's Den, Inc. ("Wolff's Den") provided tanning services which included tanning beds that emitted ultraviolet (UV) light. Between September 1, 1997 and September 1, 2001, Nautilus issued

---

[1] With respect to diversity jurisdiction, the complaint alleges that Nautilus is an Arizona corporation with a principal place of business in Scottsdale, Arizona, and that the Defendants are

1

four commercial general liability insurance policies to Poznak and Wolff's Den. At some point during the relevant time period, Kristin Powell ("Powell") was an employee of Poznak and Wolff's Den.

On September 27, 2010, Powell filed a lawsuit against, among others, Poznak and Wolff's Den in the Court of Common Pleas of Allegheny County, Pennsylvania, arising out of her diagnosis of malignant melanoma in her breast and left leg in June 2009. Specifically, Powell alleges that her exposure to UV rays from the Defendants' tanning beds and other equipment, in conjunction with her youth and use of birth control, caused the cancer. Upon receipt of Powell's complaint, Nautilus assigned defense counsel to Ponzak and Wolff's Den under a strict reservation of rights. Nautilus seeks a declaration that none of the commercial general liability insurance policies issued to Ponzak and Wolff's Den by Nautilus provide coverage for Powell's claims in the underlying state action.

### III

The Declaratory Judgment Act provides in part:

§ 2201. Creation of remedy

(a) In a case of actual controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and

---

residents of the Commonwealth of Pennsylvania.

effect of a final judgment or decree and shall be reviewable as such. (Emphasis added).

* * *

28 U.S.C. § 2201(a).

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). See also Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'").[2]

In State Auto Ins. Cos. v. Summy, 234 F.3d 131 (3d Cir. 2001), a liability insurer sought a declaration that it had no duty to defend an insured landlord in a lawsuit seeking damages for injuries sustained by a child tenant after ingesting lead-based paint. The district court granted summary judgment to the insurer based on a pollution exclusion in the insurance policy and the insured appealed. The Court of Appeals for the Third

---

[2] A federal court's discretion to decline jurisdiction in a case filed under the Declaratory Judgment Act is not unlimited, however. Federal courts do not have absolute discretion "to decline jurisdiction over a declaratory judgment action when the issues include federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." United States v. Comm. of Pennsylvania, Dept. of Env. Resources, 923 F.2d 1071, 1075 (3d Cir.1991). In the instant case, none of these exceptions are present.

3

Circuit vacated the judgment in favor of the insurer, holding that the district court should have declined to hear the case in light of a pending state case involving the same issues. The Third Circuit stated in part:

* * *

> Not only were there strong factors militating against the exercise of jurisdiction over this declaratory judgment action, but no federal interests were promoted by deciding this case in the District Court. Not a single federal question was presented to the District Court by State Auto. As noted earlier, two trial court decisions, but no appellate cases, were in existence in the state system, a forum that was fully able and prepared to resolve this purely state law issue. Entertainment of a federal declaratory judgment suit in these circumstances fits Brillhart's description of a "vexatious" and "gratuitous interference" with state court litigation.
>
> It is irrelevant that the state declaratory judgment petition was filed after its counterpart in the District Court. Moreover, E&J's vigorous objection to the District Court's assumption of jurisdiction should have weighed in favor of refusing to entertain the action. Even in the absence of such a challenge, however, the circumstances presented here would readily have supported a decision to decline jurisdiction sua sponte.
>
> In order to maintain the proper relationship between federal and state courts, it is important that district courts "step back" and allow the state courts the opportunity to resolve unsettled state law matters. As Wilton reminded us, the Declaratory Judgment Act confers a discretion on the courts rather than an absolute right on litigants. Wilton, 515 U.S. at 287, 115 S.Ct. 2137. It follows that a state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

> We appreciate the efforts of the able and conscientious district judge in this case to expedite the disposition of litigation assigned to him, but as we have mentioned, other overriding considerations come into play. Decisions in declaratory judgment actions must yield to "considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288, 115 S.Ct. 2137. The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum.

\* \* \*

234 F.3d at 136.

Like Summy, the instant case presents no unusual circumstances justifying this Court's exercise of jurisdiction. No federal interest is implicated. The relief requested by Nautilus is purely a matter of state law.

With respect to the one distinguishing factor between Summy and the present case, i.e., the absence of a pending parallel state court declaratory judgment action, the Court notes that the distinction does not dictate the exercise of this Court's jurisdiction. A similar situation was presented to the district court in Allstate Ins. Co. v. Seelye, 198 F.Supp.2d 629 (W.D.Pa.2002). Nevertheless, the district court declined to exercise jurisdiction stating:

\* \* \*

> There is, however, one salient factor in Wilton and Summy not present in this case, namely a parallel action pending in the state court. Undeniably, both the Supreme Court in Wilton and the court of appeals in Summy reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions. The Supreme Court in Wilton expressly did not address the issue of whether a district court should

5

decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. Wilton, 515 U.S. at 290, 115 S.Ct. 2137. The Wilton court implicitly indicated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. See id. at 288 n.2, 115 S.Ct. 2137. Other courts also have concluded that, although it is a factor for the district court to consider, the existence of a parallel state court proceeding is not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment action. See, e.g., Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir.1998)(holding that there is no requirement that a state action be pending before a federal court may decline to exercise jurisdiction over a declaratory judgment action); Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir.1996), overruled on other grounds by Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir.1998)(en banc).

We also find support for this position in Summy. A fair reading of Summy indicates that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. Rather, it is but one factor a district court should consider. See Summy, 234 F.3d at 134-35.

Thus, although there is no parallel state court proceeding pending in this case, that factor is not determinative, and in the court's view, the absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in this dispute.

\* \* \*

198 F.Supp.2d at 631-32.

See also Allstate Property & Cas. Ins. Co. v. Owens, No. 11-4, 2011 WL 94412, at \*2 (W.D.Pa., Jan. 11, 2011); Dixon v. Progressive Northern Ins. Co., No. 08-1010, 2008 WL 4072816, at \*2 (W.D.Pa., Aug. 27, 2008); United Financial Cas. Co. v. Fornataro, No. 08-1301, 2008 WL 4283347, at \*2 (W.D.Pa., Sept. 18, 2008).

Under the circumstances, this case will be dismissed without prejudice to Nautilus's right to seek the requested declaration in state court.

_/s/ William L. Standish_
William L. Standish
United States District Judge

Date: February 3, 2011